**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

BINZ CM, LLC and MICHAEL BINZ,

      Plaintiffs,

v.

CINCINNATI INSURANCE COMPANY,

      Defendant.

Case No. 1:26-cv-00536

Judge _____

## COMPLAINT

Plaintiffs Binz CM, LLC ("Binz CM") and Michael Binz ("Mr. Binz", and collectively, "Plaintiffs"), by and through their undersigned counsel, hereby state their claims for declaratory judgment and insurance bad faith against Defendant Cincinnati Insurance Company ("CIC") as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action, seeking a declaration pursuant to 28 U.S.C. § 2201 regarding CIC's obligation to indemnify and defend Plaintiffs under an existing insurance policy. Additionally, Plaintiffs allege insurance bad faith on the part of CIC under Indiana common law pursuant to this Court's supplemental jurisdiction under 28 U.S.C § 1367.

## PARTIES

2. Binz CM, LLC is an Indiana limited liability company with its principal place of business located at 15128 Grassy Creek Lane, Carmel, IN 46033.

3. Mr. Binz is an individual domiciled in Hamilton County, Indiana.

4. CIC is an Ohio for-profit insurance corporation with its principal place of business in Fairfield, Butler County, Ohio, and is registered to do business in Indiana.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over Plaintiffs' claim for declaratory judgment regarding CIC's obligation to indemnify and defend Plaintiffs pursuant to 28 U.S.C. § 1332 because (i) complete diversity of citizenship exists between Plaintiffs and CIC, and (ii) more than $75,000 is in controversy.

6.    With respect to the amount in controversy, Plaintiffs are defendants in a lawsuit filed by Atlas Member Group of Alpharetta, LLC ("Atlas") in Forsyth County, Georgia Superior Court (24CV-0895-2). In that underlying suit, Plaintiffs are each alleged to be liable for $10,000,000 in damages pertaining to negligent construction and negligent supervision of construction.

7.    The Court has subject matter jurisdiction over Plaintiffs' claim for insurance bad faith pursuant to 28 U.S.C. § 1367 because the underlying claims are so related that they form part of the same case or controversy and the exclusions of 28 U.S.C. § 1367(b) do not apply.

8.    This Court has personal jurisdiction over CIC pursuant to Fed. R. Civ. P. 4 and Ind. T.R. 4.4(A)(6).

9.    This Court is the proper venue for Plaintiffs' claims because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Indiana.

## FACTS

### CIC's Duty to Indemnify and Defend Plaintiffs

10.    On or about May 31, 2019, Atlas and Sun Development and Management Corporation ("Sun") entered a written agreement entitled "Construction Management Agreement" wherein Sun agreed to act as Atlas' representative with regard to the construction of a hotel in

Forsyth County, Georgia (the "Project") and provide construction management services for the Project (the "Atlas-Sun Agreement").

11.     The Atlas-Sun Agreement obligated Sun to maintain the following insurance coverage: "Commercial General Liability Policy. Primary Commercial General Liability Insurance covering Broad Form Contractual Liability, Independent Contractors, Products-Completed Operations, Personal Injury, and Broad Form Property Damage, with the following minimum limits: General Aggregate: $2,000,000; Each Occurrence: $2,000,000."

12.     About that same time, Sun entered into an oral agreement with Mr. Binz and Binz CM to perform the construction administration portion of the construction management work that Sun had contracted with Atlas to complete (the "Sun-Binz Agreement").

13.     At all relevant times, Sun held out Mr. Binz as one of Sun's executive officers, the "VP of Construction." The damages alleged in the underlying suit occurred while Mr. Binz was acting as and performing duties as Sun's Vice President.

14.     On or about September 16, 2019, Sun received a Certificate of Authority from the State of Georgia authorizing it to transact business as a Foreign Professional Corporation. At Sun's direction, Mr. Binz signed its application as Sun's "VP of Construction," and submitted the application on or about August 19, 2019, using his Sun-issued email and Sun's postal addresses.

15.     Under Georgia law, Sun was required to license a General Contractor Qualifying Agent to perform its construction management duties as described in the 2019 Agreement. Following repeated assurances of reimbursement and indemnification, Mr. Binz incurred significant expense and assumed substantial legal and financial risk to acquire the license on Sun's behalf. Mr. Binz was licensed as Sun's Qualifying Agent on or around December 23, 2019.

16.    Sun's, Mr. Binz's, and Binz CM's involvement in construction on the Project began in or around June 2020. It did not go well. Sun repeatedly exercised control over Plaintiffs' work to administrate certain construction tasks, leading to issues related to shortages in materials and labor, failed inspections, and delays. By the fall of 2022, Plaintiffs had been separated from the Project. During the period from June 2020 to late 2022, Plaintiffs performed construction administration duties on behalf of Sun and all the while, Sun held Mr. Binz out as its executive officer and Qualifying Agent.

17.    The underlying suit alleges damages with respect to the Project and to the real property at issue.

18.    On May 31, 2024, Atlas filed suit against Plaintiffs for damages sustained during the Project (the "Atlas Suit"). Atlas alleged negligent construction damages of $10,000,000 against Binz CM, LLC and negligent supervision of construction work against Mr. Binz for an additional $10,000,000.

19.    On July 7, 2024, Plaintiffs filed a third-party complaint against Sun for indemnification related to the Atlas Suit and an amended third-party complaint on January 22, 2025 (the "Indemnification Suit").

20.    Among other things, the Indemnification Suit alleges that Sun is liable for the indemnification and defense of Plaintiffs.

21.    At times relevant to the underlying litigation, CIC, through United Insurance Agencies ("UIA"), provided commercial general liability insurance to Sun.

22.    On July 30, 2025, Plaintiffs issued a tender of indemnity and defense to UIA in relation to the Atlas Suit, citing CIC commercial general liability policy number INN 0010440 covering Sun (the "Claim").

23.     On or about August 8, 2025, the Claim was reported to CIC.

## CIC's Bad Faith Conduct

24.     Following the report of the Claim to CIC on August 8, 2025, counsel for Plaintiffs contacted CIC on August 12, 2025 to inquire about the Claim status. CIC responded 10 days later on August 22 asking for further documentation, which was provided that same day.

25.     Receiving no further communication, Plaintiffs' counsel contacted the CIC adjuster assigned to the Claim on September 3, September 24, and October 1, 2025 seeking information regarding the status of the Claim. CIC did not respond to any of these inquiries.

26.     Counsel for Plaintiffs inquired again on October 16, 2025, at which point CIC indicated that a reservation of rights and request for additional information had been sent to Sun. Advising that Sun would likely not be motivated to cooperate, counsel for Plaintiffs offered to provide CIC with any relevant additional documentation in Plaintiffs' possession. CIC did not act on this offer.

27.     For three additional months, CIC did not provide a coverage determination, or any information, regarding the status of the Claim. This was despite Plaintiffs submitting status inquiries on October 28 and November 24, 2025.

28.     Plaintiffs inquired *again* on January 15, 2026, at which point a CIC claims adjuster stated that no coverage decision had been made.

29.     On February 3, 2026, counsel for Plaintiffs issued a demand letter to CIC detailing the great lengths Plaintiffs had gone through to secure a simple coverage determination on the Claim from CIC and CIC's inexcusable failure to provide a decision or even any meaningful communications over a period of *more than six months*. Counsel notified CIC that absent a

coverage determination made by February 11, 2026, Plaintiffs would pursue this legal action for declaratory judgment and insurance bad faith.

30.    On or about March 5, 2026, approximately seven months after receiving Plaintiffs' tender letter, CIC finally issued a coverage determination denying coverage to Plaintiffs for the Claim (the "Denial").

31.    The Supreme Court of Indiana has recognized "a cause of action for the tortious breach of an insurer's duty to deal with its insured in good faith." *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 519 (Ind. 1993). Though declining to "determine the precise extent" of the duty of good faith, the Court nonetheless identified a general duty to refrain from "causing an unfounded delay." *Id.* The Court of Appeals has clarified that, "[a] finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will." *Colley v. Indiana Farmers Mut. Ins. Group*, 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998). That is, there must be evidence of "conscious wrongdoing." *Id.*

32.    CIC's failure for nearly seven months to make a coverage determination regarding Plaintiffs' Claim in relation to the Atlas suit, especially while knowing that litigation was pending and Plaintiffs were incurring considerable costs in their defense, and rejecting Plaintiffs' repeated offers to provide documents and information regarding the Claim, amounts to more than a mere "lack of diligent investigation" and supports a finding of "conscious wrongdoing."

33.    CIC's justifications for the Denial indicate bad faith towards not only Binz CM and Mr. Binz, but also to Sun, because CIC alleges in the Denial that the subject policy does not cover "claims arising from poor performance of contractual obligations" when Sun was contractually obligated to hold commercial general liability insurance that covered specific types of claims and

liabilities, including "Broad Form Contractual Liability, Independent Contractors, Products-Completed Operations, Personal Injury, and Broad Form Property Damage."

34. Further, CIC's Denial indicates bad faith with respect to the issued policy, because it included an exclusion titled "The Professional Services Exclusion (to the extent allegations involve supervision, approval of plans, or related professional functions)" for a project on which Sun and Plaintiffs were only providing professional services. This would make the policy essentially worthless to Sun and its additional insureds.

## COUNT I: DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

35. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs as if fully stated herein.

36. The alleged liability of Plaintiffs in the Atlas Suit stems from conduct carried out on behalf of and at the direction of Sun at a time when CIC was Sun's commercial general liability insurer.

37. However, CIC has failed to make an appropriate determination granting coverage to Plaintiffs' Claim. Plaintiffs, therefore, have a ripe claim for declaratory judgment regarding CIC's obligation to provide indemnification and defense to Plaintiffs as Sun's insurer.

38. At a minimum, CIC has a duty to defend Plaintiffs against the Atlas Suit. Under Indiana law, an insurer's duty to defend is considerably broader than the duty to indemnify. *Federal Insurance Company v. Stroh Brewing Company*, 127 F.3d 563, 566 (7th Cir. 1997). It is the nature of the underlying claim, not its merits, that establishes the insurer's duty to defend. *National Fire & Casualty Company v. West*, 107 F.3d 531, 535 (7th Cir. 1997). As a general rule, if one claim of a multi-claim complaint potentially falls within the indemnity coverage of the policy, the insurer must defend the entire action.

39.     Because this Court has jurisdiction and is a proper venue, this Court is a "court of the United States" (as that phrase is used in 28 U.S.C. § 2201(a)) that can hear Plaintiffs' claim for declaratory judgment regarding CIC's obligation to provide indemnification and defense to Plaintiffs as Sun's insurer.

**COUNT II: INSURANCE BAD FAITH UNDER INDIANA COMMON LAW**

40.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs as if fully stated herein.

41.     Plaintiffs inquired about CIC's determination of indemnity and defense coverage regarding Plaintiffs' Claim no fewer than 10 times over a period of many months, offering multiple times to provide additional information if needed.

42.     CIC failed to make a coverage determination regarding Plaintiffs' Claim for nearly seven months, and ultimately denied the Claim.

43.     CIC acted in bad faith with respect to its insurance related the Project, because it issued a policy that purportedly did not fulfill Sun's obligations under the Atlas-Sun Agreement and allegedly did not provide sufficient coverage for the type of work Sun was contracted to provide on the Project, including the work of Mr. Binz as Sun's executive officer.

44.     CIC acted in bad faith when it issued the Denial to Binz CM and Mr. Binz after it had been provided with information and documentation showing that with respect to the Project, the Plaintiffs were employed by and operating under the control of its insured, Sun.

45.     CIC acted in bad faith because when it issued the Denial, it had knowledge that there was no legitimate basis for denying the claim.

46.     Because Plaintiffs' claim of bad faith arises from "the same case or controversy" (as that phrase is used in 28 U.S.C. § 1367(a)) as the declaratory action sought under 28 U.S.C.

§ 2201, and because the claim of bad faith against CIC is not excluded by 28 U.S.C. § 1367(b), this Court can hear Plaintiffs' claim that CIC exhibited bad faith in its processing of Plaintiffs' request for coverage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

47.    A declaration that CIC owes a duty to indemnify and defend Plaintiffs relative to the Atlas Suit; and

48.    A finding that CIC exhibited bad faith in its failure to make a timely or appropriately supported coverage determination regarding Plaintiffs' Claim; and

49.    For such other and further relief as the Court deems just and proper.

Dated: March 19, 2026

Respectfully submitted,

*/s/ Angela P. Krahulik*
Angela P. Krahulik, Atty. No. 23036-49
Casie J. Towsley, Atty. No. 35392-17
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
Angela.Krahulik@icemiller.com
Casie.Towsley@icemiller.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

*/s/ Angela P. Krahulik*
Angela P. Krahulik, Atty. No. 23036-49